UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| FREDERIC LEPPER,<br>　　Petitioner,<br>v.<br><br>LOIS RUSSO,<br>　　Respondent. | )<br>)<br>)<br>)　CIVIL ACTION NO. 04-11879-MLW<br>)<br>)<br>)<br>) |

**PETITIONER'S REPLY TO RESPONDENT'S MEMORANDUM
IN OPPOSITION TO THE PETITION FOR WRIT OF HABEAS CORPUS**

The petitioner hereby replies to certain portions of the respondent's Memorandum in Opposition to the Petition for Writ of Habeas Corpus. Specifically, the petitioner disagrees with the respondent's argument that ground two, relating to the trial judge's refusal to substitute counsel or inquire whether the petitioner wished to represent himself, is procedurally defaulted. Also, the petitioner believes that the proper standard of review to be applied to ground two is *de novo*, not, as the respondent has indicated in its memorandum at page 16, because the claim is procedurally defaulted, but rather because the state court improperly applied the standard of review applicable to procedurally defaulted claims and thus erroneously did not adjudicate the merits of the federal claim. The other points raised in the Commonwealth's memorandum do not require a reply at this time.

**I.　　Ground Two is not procedurally defaulted.**

Although the Massachusetts Appeals Court applied the standard of review applicable to procedurally defaulted claims, whether the alleged error created a substantial risk of a miscarriage of justice, it did so in error as the petitioner's claims had been properly preserved for appellate review. The petitioner recognizes that Massachusetts has routinely enforced

and consistently applied its contemporaneous objection rule. However, the petitioner met the requirements of that rule in regards to his claim that the judge erred in not substituting counsel or inquiring whether the Petitioner wished to proceed *pro se* where the petitioner twice moved for a mistrial based on his relationship with counsel (Tr. I: 4-5; Tr. II: 15-17) and informed the judge that he did not want trial counsel to represent him (Tr. II: 17) and where trial counsel filed a motion to withdraw (Record Appendix pp. 5 & 92).

This Court must make its own determination of whether the petitioner failed to comply with an applicable state procedural rule. Lanigan v. Maloney, 853 F.2d 40, 42-44 (1st Cir. 1988) (First Circuit conducted its own review of trial record to determine whether petitioner had complied with contemporaneous object rule); Clinksale v. Carter, 375 F.3d 430, 440-441 (6th Cir. 2004); Holloway v. Horn, 355 F.3d 707, 713 (3d Cir.), *cert denied*, 125 S.Ct. 410 (2004) (Third Circuit found that federal review was not barred as the state court had erroneously found the claim to be procedurally defaulted). Review of the record in this case reveals that there was no procedural default and therefor, the petitioner is entitled to have Ground Two reviewed by this Court.

The purpose of the contemporary objection rule, which is codified in Rule 22 of the Massachusetts Rules of Criminal Procedure[1] is to bring the alleged error to the judge's attention so she may squarely consider and decide the question. Commonwealth v. Mosby,

---

[1] "Exceptions to rulings or orders of the court are unnecessary and for all purposes for which an exception has heretofore been necessary, it is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take or his objection to the action of the court, but if a party has no opportunity to object to a ruling or order, the absence of an objection does not thereafter prejudice him."

11 Mass. App. Ct. 1, 413 N.E.2d 754, 762 n.4 (1980).  Where the petitioner twice moved for a mistrial based on the representation he was receiving, where the petitioner told the trial judge that he did not want his trial counsel to represent him, and where trial counsel thereafter filed a motion to withdraw, the issue was properly preserved for appellate review and the Appeals Court should have reached the merits of the petitioner's claim. Commonwealth v. Burke, 373 Mass. 569, 369 N.E.2d 451, 456-457 (1977) (finding that motion for new trial was sufficient to bring the errors to the judge's attention and therefore the issue is preserved for appellate review); Commonwealth v. Hoppin, 387 Mass. 25, 438 N.E.2d 820, 823 N. 4 (1982).  As the Appeals Court improperly applied the contemporaneous objection rule to the petitioner's claims, the state law ground is not adequate and the "procedural default rule" does not bar federal review of the claim.

    **II.**    **As the State Court Erred in Not Adjudicating the Federal Claim on the Merits, the Applicable Standard of Review Is De Novo.**

Contrary to the respondent's argument at page 16 of its memorandum, the petitioner does not argue that Medellin v. Dretke, 544 U.S. 660 (2005) (Ginsburg, concurring), overruled the longstanding procedural default rule and that procedurally defaulted claims must be reviewed *de novo*.  Rather, the petitioner is entitled to *de novo* review as the state court did not adjudicate this claim on the merits because it erroneously applied its contemporaneous objection rule.  Lavallee v. Coplan, 374 F.3d 41, 44 (1st Cir. 2004).  As the petitioner met all state procedural rules, the procedural default doctrine simply does not bar this Court's review of Ground Two.

    **WHEREFORE,** for the above reasons and the reasons stated in Petitioner's

Memorandum of Law in Support of Petition for Writ of Habeas Corpus, this Court must vacate the conviction and remand for a new trial, or in the alternative, must vacate the sentence and remand for a new sentencing hearing. The petitioner welcomes the opportunity to argue his petition before the Court at its earliest convenience.

FREDERIC LEPPER
By his attorney,


/s/ Alan D. Campbell
Alan D. Campbell
B.B.O. No. 634188
P.O. Box 131
Brookline, MA 02446
(617) 735-8913

Dated: January 8, 2007

### Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 8, 2007.

/s/ Alan D. Campbell
Alan D. Campbell
