UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FREDERIC LEPPER,                )
    Petitioner              )
                                )
    v.                      )   C.A. No.04-11879-MLW
                                )
                                )
LOIS RUSSO,                     )
    Respondent              )

MEMORANDUM AND ORDER

WOLF, D.J.                                              May 22, 2007

I. INTRODUCTION

    Petitioner Frederic Lepper seeks a writ of habeas corpus pursuant to 28 U.S.C. §2254. He raises three grounds for relief: denial of the right (1) to have a jury determine facts that may increase a statutory maximum sentence; (2) to self-representation; and (3) to effective assistance of counsel. The respondent contends that Lepper is procedurally barred from raising his right to self-representation claim. Lepper retorts that the state court's procedural ruling was not adequate. For the reasons discussed in this Memorandum, it is being ordered that the parties submit further briefing on the issue of procedural default.

    A state procedural waiver does not preclude federal review unless the invoked procedural rule is "adequate." Simpson v. Matesanz, 175 F.3d 200, 207-208 (1st Cir. 1999). A state procedural ground is not adequate if it has been inconsistently applied, or if it is unsupported or unforseeable. James v.

Kentucky, 466 U.S. 341, 351 (1984) (inconsistent); Wright v. Georgia, 373 U.S. 284, 291 (1963) (unsupported); NAACP v. Alabama ex rel. Patterson, 357 U.S. 449, 457-458 (1958) (unforseeable).

    Here, the Appeals Court of Massachusetts appears to have invoked a procedural bar to preclude further review of Lepper's self-representation claim. Commonwealth v. Lepper, 60 Mass.App.Ct 36, 53-54 (App.Ct. 2003). However, it did not make clear which procedural rule it was invoking. Rather, it stated that "[t]he defendant claims for the first time on appeal that the trial judge abused his discretion in denying his request for new counsel" and that "[t]here was no abuse of discretion in denying the request for new counsel and no substantial risk of miscarriage of justice." Id.

    The respondent contends that the Court of Appeals invoked, and the petitioner violated, Massachusetts' contemporaneous objection rule. However, it is uncontested that the petitioner repeatedly complained to the trial judge about his attorney, stated that he did not want trial counsel to represent him, and filed a pro se motion for mistrial before the close of trial. It is unclear whether these actions adequately preserved Lepper's self-representation objection under Massachusetts's procedural rules.

    Accordingly, it is hereby ORDERED that:

    1. The parties shall, by June 22, 2007, file supplementary memoranda addressing whether Lepper: (i) violated the

contemporaneous objection rule; (ii) was required by Massachusetts procedural rules to raise his self-representation claim in a motion for new trial; (iii) violated any other Massachusetts procedural rule; and (iv) whether any such rule is adequate to bar federal habeas review.

    2. Any responses shall be filed 15 days thereafter.

/s/ Mark L. Wolf  
UNITED STATES DISTRICT JUDGE
