UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| FREDERIC LEPPER,<br>    Petitioner,<br>v.<br><br>LOIS RUSSO,<br>    Respondent. | )<br>)<br>)<br>)   CIVIL ACTION NO. 04-11879-MLW<br>)<br>)<br>)<br>) |

**PETITIONER'S SUPPLEMENTARY MEMORANDUM RE: PETITIONER'S COMPLIANCE WITH ALL STATE PROCEDURAL RULES**

The petitioner hereby submits this supplementary memorandum in response to the Court's order of May 22, 2007, seeking additional information relating to four questions. The short answers to the Court's queries are: (I) the petitioner did not violate the contemporaneous objection rule; (ii) having preserved the issue during trial, the petitioner was not required to raise the issue for a second time in a motion for new trial; (iii) the petitioner did not violate any other state procedural rule; and (iv) as the defendant complied with all procedural rules, there is no bar to federal habeas review.

**I.   The petitioner complied with the contemporaneous objection rule regarding his desire to represent himself at trial.**

The contemporary objection rule, which is codified in the Massachusetts Rules of Criminal Procedure, reads:

> Exceptions to rulings or orders of the court are unnecessary and for all purposes for which an exception has heretofore been necessary, it is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take or his

> objection to the action of the court, but if a party has no opportunity to object to a ruling or order, the absence of an objection does not thereafter prejudice him.

Mass. R. Crim. P. 22, 378 Mass. 892 (1979). Under this rule, a party must either object or make known the action the party wants the court to take. Commonwealth v. Parham, 390 Mass. 833, 835 n.2, 460 N.E.2d 589 (1984); see also Commonwealth v. Ayala, 29 Mass. App. Ct. 592, 598 n.8, 563 N.E.2d 249 (1990).

The courts of Massachusetts have not made "a fetish of the form or persistence" of the objections. Commonwealth v. Hawley, 380 Mass. 70, 86, 401 N.E.2d 827 (1980). Rather, the court have stated that the purpose of this rule is to bring the alleged error to the judge's attention so she may squarely consider and decide the question. Commonwealth v. Mosby, 11 Mass. App. Ct. 1, 11 n.4, 413 N.E.2d 754 (1980). In determining whether a party has complied with the rule, the adequacy of an objection must be assessed in the context of the trial as a whole. Commonwealth v. Koney, 421 Mass. 295, 299, 657 N.E.2d 210 (1995).

This Court must make its own determination of whether the petitioner failed to comply with an applicable state procedural rule. Lanigan v. Maloney, 853 F.2d 40, 42-44 (1st Cir. 1988) (First Circuit conducted its own review of trial record to determine whether petitioner had complied with contemporaneous object rule); Clinksale v. Carter, 375 F.3d 430, 440-441 (6th Cir. 2004); Holloway v. Horn, 355 F.3d 707, 713 (3d Cir.), cert denied, 125 S.Ct. 410 (2004) (Third Circuit found that federal review was not barred as the state court had erroneously found the claim to be procedurally defaulted). Review of the record in this case reveals that there was no procedural default and therefor, there is no bar to federal habeas review.

Petitioner clearly registered his dissatisfaction with trial counsel to the judge during trial, beginning even before the commencement of jury selection (Tr. I-Morning: 14-16). That first day the jury was selected and the Commonwealth began its presentation of the evidence. Following the lunch break, the petitioner again voiced his displeasure with trial counsel to the judge and made his first motion for a mistrial (Tr. I-Afternoon: 4). The judge dismissed the request stating, "Sir, you can move all you want, but the case is going to proceed to a verdict." (Id.).

The next morning, before the first witness was called in the morning, the petitioner told the judge that the prior day trial counsel had come to the holding cell and told him that he was "a bullshitter and guilty." (Tr. II: 16). The petitioner then made his second motion for mistrial. After the judge told petitioner that he thought counsel was doing a "good workman-like job" with a "tough" case, the petitioner unequivocally stated "I don't want him for counsel." (Tr. II: 17). The judge denied the motion and called for the jury. At some point that day trial counsel filed a motion to withdraw (Record Appendix pp. 5 & 92). In his motion to withdraw, trial counsel claimed that the petitioner had made statements to the court that "were not true" and that the petitioner was not cooperating with counsel (Id. at 92). The judge denied the motion that day, without a hearing.

It was clear, based on his own actions and those of trial counsel, that the petitioner did not want to be represented by trial counsel. The judge was well aware of what the petitioner wanted: trial counsel off the case. The issue was thus properly preserved for review on direct appeal. Commonwealth v. Hoppin, 387 Mass. 25, 29 n. 4, 438 N.E.2d 820 (1982) (issued preserved where defendant had explained his position and filed a motion for mistrial); see

generally, Commonwealth v. Kruah, 47 Mass. App. Ct. 341, 345, 712 N.E.2d 1182 (1999) (even in the absence of an objection, the issue was preserved by counsel's statements at a side-bar conference). Where the judge twice denied his motions for mistrial and where the judge also denied trial counsel's motion to withdraw, nothing more was required of the defendant. Commonwealth v. Jewett, 392 Mass. 558, 562, 467 N.E.2d 155 (1980) (further efforts are not required "in the face of the judge's unequivocal adverse ruling).

II.     **There is no rule in Massachusetts, procedural or otherwise, that requires an issue which was preserved at trial be raised again in a motion for new trial.**

Where the petitioner repeatedly voiced his concerns about trial counsel to the judge, where the petitioner twice moved for a mistrial, where the petitioner clearly and unequivocally told the judge that he did not want trial counsel to represent him, and where trial counsel thereafter filed a motion to withdraw, the issue was properly preserved for appellate review. Mass. R. Crim. P. 22, 378 Mass. 892 (1979); see generally Jewett, 392 Mass. at 561. Nothing more was required of the petitioner: he had complied with all relevant procedural rules. This issue simply was not, as the Appeals Court wrote in its decision, raised for the first time on appeal. The Appeals Court should have reached the merits of the petitioner's claim. There is no bar to federal habeas review.

**WHEREFORE,** for the above reasons and the reasons stated in petitioner's previously submitted memoranda of law on this issue, the petitioner believes that he

complied not only with the contemporaneous objection rule, but with every other relevant procedural rule as well, and that there is no bar to federal habeas review.

>                           FREDERIC LEPPER
>                           By his attorney,
>
>
>                            /s/ Alan D. Campbell
>                           Alan D. Campbell
>                           B.B.O. No. 634188
>                           P.O. Box 131
>                           Brookline, MA 02446
>                           (617) 735-8913

Dated: June 28, 2007

## Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on June 28, 2007.

>                            /s/ Alan D. Campbell
>                           Alan D. Campbell