UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FREDERIC LEPPER,           )
     Petitioner            )
                 )
       v.                  )   C.A. No.04-11879-MLW
                 )
LOIS RUSSO,                )
     Respondent            )

MEMORANDUM AND ORDER

WOLF, D.J.                                      June 29, 2007

I. INTRODUCTION

Petitioner Frederic Lepper seeks a writ of habeas corpus pursuant to 28 U.S.C. §2254. He raises three grounds for relief: denial of the right (1) to have a jury determine facts that may increase a statutory maximum sentence; (2) to self-representation; and (3) to effective assistance of counsel. The court ordered supplemental briefing on the issue of whether the petitioner's self-representation claim is procedural defaulted. See May 22, 2007 Memorandum and Order. In response, the respondent argued that the petitioner's ineffectiveness of counsel claim was not just procedurally defaulted, but also unexhausted.

The court is not now deciding whether the petitioner's self-representation claim is unexhausted. However, for the reasons stated in this Memorandum, the petitioner is being ordered to seek to show cause why the petition should not be dismissed as unexhausted or, in the alternative, request that this court delete his unexhausted claim-s and proceed under the instant petition.

II. DISCUSSION

Prior to the passage of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214 (1996), the Supreme Court instructed district courts to dismiss without prejudice habeas petitions that contain both exhausted and unexhausted claims. Rose v. Lundy, 455 U.S. 509, 522 (1982). This rule was complicated when AEDPA's one-year statute of limitations came into effect. The short statutory period for habeas petitions under AEDPA is not tolled by the pendency of a federal habeas petition. See Duncan v. Walker, 533 U.S. 167, 181 (2001) (a petition for federal habeas corpus relief is not "an application for State post-conviction or other collateral review" within the meaning of the tolling provision of AEDPA). Therefore, AEDPA threatened to take from prisoners the opportunity for federal review where they inadvertently filed mixed petitions – petitions with both exhausted and unexhausted federal claims. This problem was caused by what is often the long time it takes for petitions to be briefed and decided in federal court. In some cases, the statute of limitations period may run by the time the United States district court has dismissed a mixed petition. See Rhines v. Weber, 544 U.S. 269, 278-79 (2005) (discussing the difficulties caused by the interplay of AEDPA's limitations period and the exhaustion requirement).

To mitigate this harsh result, the Court of Appeals for the First Circuit deemed it "preferable" for the district courts to

"'retain jurisdiction over the meritorious claim and stay further proceedings pending the complete exhaustion of state remedies.'" Delaney v. Matesanz, 264 F.3d 7, 15 n.5 (1st Cir. 2001) (quoting Duncan, 533 U.S. at 183 (Stevens, J., concurring); see Neverson v. Bissonnette, 261 F.3d 120, 126, n. 3 (1st Cir. 2001).

However, this rule was short-lived. In Rhines v. Weber, the Supreme Court cautioned against the liberal granting of stays and instructed the district courts to stay a habeas corpus petition only where the petitioner has good cause for his failure to exhaust, where the unexhausted claims are potentially meritorious, and where there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. See 544 U.S. 269, 278-79 (2005) (permitting a United States district court to stay a federal habeas action and hold the petition in abeyance while the petitioner exhausts claims in state court).

The Supreme Court further instructed that in the absence of good cause, district courts should permit petitioners to delete the unexhausted claims from a mixed petition and proceed with the exhausted claims "if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." Id.

In the instant case, the petitioner's self-representation claim my be unexhausted. In the event that the court finds the self-representation claim unexhausted, the petitioner must either

3

establish good cause for his failure to exhaust or move to have his exhausted claims deleted. This is necessary because it appears that any future habeas petition would be time-barred.

Generally, AEDPA's one year limitations period begins to run from the date on which a petitioner's conviction became final by the conclusion of direct review. See 28 U.S.C. §2244(d)(1)(A). This period is tolled during the pendency of a petitioner's motion for post-conviction relief in the state courts. See 28 U.S.C. §2244(d)(2). Here, the petitioner's conviction was affirmed by the Appeals Court of Massachusetts on November 19, 2003. See Commonwalth v. Lepper, 60 Mass.App.Ct. 36, 38 (App.Ct. 2003). That conviction became final 90 days later, when a petition for application for certiorari from the Supreme Court might seasonably have been filed. See Derman v. United States, 298 F.3d 34, 42 (1st Cir. 2002).[1] Accordingly, petitioner's statutory period may have expired over three years ago. As such, there is a significant threat that any future petitions would be time-barred despite the timely filing of the instant petition.

III. ORDER

For the reasons stated in this Memorandum, it is hereby

---

[1] The Supreme Court rules allows for the filing of certiorari petitions within 90 days from the date that judgment was entered in the state court of appeals of last resort. See Sup. Ct. R. 13. See also 28 U.S.C. §2101(d) (establishing the Supreme Court's authority to set the relevant time period for criminal appeals).

ORDERED that:

    1. The petitioner shall, by July 13, 2007, seek to show cause why his petition should not be dismissed without prejudice as unexhausted or, in the alternative, request that the court delete his unexhausted claims and proceed under the instant petition. This filing shall be included with any response to the respondent's memorandum filed in accordance with the May 22, 2007 Memorandum and Order.

    2. Respondent shall reply by August 3, 2007.


_____       /s/ Mark L. Wolf
                                               UNITED STATES DISTRICT JUDGE