UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| FREDERIC LEPPER,<br>　　　Petitioner,<br>v.<br><br>LOIS RUSSO,<br>　　　Respondent. | )<br>)<br>)<br>)   CIVIL ACTION NO. 04-11879-MLW<br>)<br>)<br>)<br>) |

**PETITIONER'S MEMORANDUM ON EXHAUSTION**

The petitioner hereby submits this memorandum in response to the Court's order of June 29, 2007, and the Supplemental Memorandum of the Respondent of June 28, 2007. The petitioner states that this Court should not dismiss the petition as unexhausted as the petitioner believes that all of the claims presented in the petition are exhausted. However, in the alternative, the petitioner requests that Court delete any claims which it finds to be unexhausted and proceed to a hearing on the merits of the remaining exhausted claims.

There is no question that the ground based on the violation of the right to have the jury determine the facts that may increase the statutory maximum has been exhausted. Similarly, there is no question that the ground based on the violation of the right to effective assistance of counsel has been exhausted. Those claims have been briefed and are ready for a hearing and a decision on the merits.

This Court must decided, however, whether the petitioner has exhausted state remedies on the final ground: the claimed violation of the right to self representation or substitute counsel. The petitioner believes that this claim meets the fair presentment requirement for exhaustion

and is therefore properly before this Court on federal habeas review. The fair presentment rule requires that:

> Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." Duncan v. Henry, 513 U.S. 364, 365, 130 L. Ed. 2d 865, 115 S. Ct. 887 (1995) (per curiam), quoting Picard v. Connor, 404 U.S. 270, 275, 30 L. Ed. 2d 438, 92 S. Ct. 509 (1971) (citation omitted). To provide the State with the necessary "opportunity," the prisoner must "fairly present" his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim. Duncan, supra, at 365-366, 130 L. Ed. 2d 865, 115 S. Ct. 887; O'Sullivan v. Boerckel, 526 U.S. 838, 845, 144 L. Ed. 2d 1, 119 S. Ct. 1728 (1999).

Baldwin v. Reese, 124 S.Ct. 1347, 1349 (2004).

"To carry this burden, the petitioner must demonstrate that he tendered each claim 'in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question." Adelson v. DiPaola, 131 F.3d 259, 262 (1st Cir. 1997), citing Scarpa v. Dubois, 38 F.3d 1, 6 (1st Cir. 1994). There are numerous ways in which a Petitioner may have tendered his claim to the state court such that he will have met his fair presentment burden. For instance,

> If, in state court, a petitioner has 1) cited a specific constitutional provision, 2) relied on federal constitutional precedent, or 3) claimed a determinate right that is constitutionally protected, he will have employed a mechanism which significantly eases any doubt that the state courts have been alerted to the federal issue.

Nadworny v. Fair, 872 F.2d 1093, 1097 (1st Cir. 1989). In the instant case, the Petitioner meets his fair presentment burden as he claimed a determinate right which is constitutionally protected, and specifically cited to a federal constitutional provision: the Sixth Amendment.

2

While it may be correct to say that the petitioner did not expressly say the words "I would like to have another attorney appointed to represent me" or "I would like to invoke my right to represent my self at trial" it is clear from the petitioner's words and actions at trial that he wanted at least one of those outcomes. The defendant's repeated indication that he was unhappy with his trial counsel and that he did not want him as trial counsel can only be construed as either a request for substitute counsel or a request to represent himself. The statement "I don't want him for counsel." clearly means just that: the petitioner did not want trial counsel to represent him. There are two possible remedies for that: (1) replace trial counsel with another attorney or (2) discharge trial counsel and allow the petitioner to proceed pro se. The same remedies could result from trial counsel's motion to withdraw filed during trial.

Thus, the issue of who would represent the petitioner was fairly presented to the judge at trial. That was all that was required to preserve the issue for appellate review. Mass. R. App. P. 11. As discussed at length in petitioner's memorandum filed June 28, 2007, where the issue was preserved at trial, there was no need to include this claim in a pre-appeal motion for new trial.

**WHEREFORE,** for the above reasons and the reasons stated in petitioner's previously submitted memoranda of law on this issue, the petitioner believes that he has complied with all relevant procedural rules and that this matter is ready for a hearing on the merits and a final decision. However, if this Court finds the substitute counsel/self representation claim to be unexhausted, then the petitioner requests that this Court delete that

unexhausted claim and proceed with the remaining two exhausted claims.

                                                        FREDERIC LEPPER
                                                        By his attorney,

                                                        /s/ Alan D. Campbell
                                                        Alan D. Campbell
                                                        B.B.O. No. 634188
                                                        P.O. Box 131
                                                        Brookline, MA 02446
                                                        (617) 735-8913

Dated: July 13, 2007

## Certificate of Service

     I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on July 13, 2007.

                                                        /s/ Alan D. Campbell
                                                        Alan D. Campbell