UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| FREDERIC LEPPER<br>      Petitioner,<br><br>v.<br><br>LOIS RUSSO,<br>      Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 04-11879-MLW |

**RESPONDENT'S RESPONSE TO THE PETITIONER'S
MEMORANDUM ON EXHAUSTION**

The respondent submits this memorandum in response to the Petitioner's Memorandum on Exhaustion which he filed in compliance with the Court's order of June 29, 2007. This Court had requested that the petitioner "show cause why his petition should not be dismissed without prejudice as unexhausted, or, in the alternative, request that the court delete his unexhausted claims and proceed under the instant petition." (USDC Civil Docket for 04-11879 Entry # 31).

In his Memorandum on Exhaustion the petitioner still maintains that his three claims are all exhausted but leaves it up to the Court to delete any claims that it finds to be unexhausted. (Petitioner's Memorandum on Exhaustion at 1).[1]

The respondent agrees with the petitioner that state remedies on two grounds have been exhausted. In Ground One, Lepper alleges a denial of his constitutional right to have

---

[1] As the respondent has pointed out previously, the grounds in the original Petition are different from the grounds included in the Petitioner's Memorandum of Law In Support of Petition for Writ of Habeas Corpus. *Cf.* Petition, p. 5-6, ¶12A-12D and Petitioner's Memorandum at 1. The respondent will address the three grounds cited in the later-filed Petitioner's Memorandum of Law In Support of Petition for Writ of Habeas Corpus.

2

all the facts which may increase the statutory maximum sentence included in the indictment and found by a jury beyond a reasonable doubt ("Apprendi Claim"). In Ground Three, he alleges that he was denied his right to effective assistance of counsel based on his trial counsel's failure to introduce substantial exculpatory evidence ("Ineffective Assistance of Counsel Claim"). (See Petitioner's Memorandum of Law in Support of Petition For Writ of Habeas Corpus at 1.) Both grounds were fairly presented to the state's highest court on federal constitutional grounds and are ripe for review under 28 U.S.C. § 2254 (d)(1) by a habeas court.

As discussed below, however, Ground Two is in a different posture. Without specifics, the petitioner claims that he cited a constitutionally protected right and mentioned the Sixth Amendment to the United States Constitution, and that turns the exhaustion trick. (Petitioner's Memorandum on Exhaustion at 2). The petitioner has not recognized that Ground Two contains two separate grounds but asserts generally that Ground Two has been exhausted because of a bare reference to the Sixth Amendment in his brief to the Massachusetts Appeals Court and to the right to counsel in his ALOFAR. (Supp. Ans. Exh. 1 at 57 and Exh. 5 at 18-19).

This assertion fails to take into account that, in Ground Two, the petitioner merged two separate claims, contending that the trial judge denied Lepper's Sixth Amendment rights (a) by forcing him to go to trial with unwanted representation and (b) not offering him the opportunity to represent himself (Pet. Mem. In Support at 10-13). Ground Two (a) was never presented to the state appellate courts on federal constitutional grounds but as an abuse of discretion by the trial judge. In any event, Ground Two (a) is in procedural

3

default under well-settled habeas corpus precedent, as the respondent argued in her Memorandum in Opposition to the Petition filed December 14, 2006 and in her Supplemental Memorandum filed June 28, 2007.

Ground Two (b) regarding denial of the right to proceed pro se is unexhausted since it was never fairly presented to the Massachusetts Appeals Court and then completely omitted from the petitioner's Application for Leave to Obtain Further Appellate Review (ALOFAR) in the Supreme Judicial Court. There is no question that the self-representation claim is unexhausted under *Mele v. Fitchburg District Court*, 850 F. 2d 817, 823 (1st Cir. 1988) and *Josselyn v. Dennehy*, 475 F. 3d 1,3 (1st Cir. 1007).

## ARGUMENT

I. **GROUND TWO (A) IS UNEXHAUSTED OR, IN THE ALTERNATIVE, IS EXHAUSTED BY PROCEDURAL DEFAULT.**

The exhaustion of state remedies requirement imposed on federal habeas corpus petitioners is codified at 28 U.S.C. § 2254, which provides in relevant part as follows:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), P.L. No. 104-132, Title I, § 104, 110 Stat. 1218 (effective April 24, 1996).

4

The exhaustion requirement is primarily designed to promote comity in our system of federalism, as the United States Supreme Court has explained:

> The exhaustion doctrine is principally designed to protect the state court's role in the enforcement of federal law and prevent disruption of state judicial proceedings. . . . Because "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation," federal courts apply the doctrine of comity, which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter."

*Rose v. Lundy*, 455 U.S. 509, 518 (1982) (quoting *Darr v. Burford*, 339 U.S. 200, 204 (1950), overruled in non-relevant part by *Fay v. Noia*, 372 U.S. 391 (1963)); see also *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) ("The exhaustion requirement . . . serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights."); *Nadworny v. Fair*, 872 F.2d 1093, 1096 (1st Cir. 1989) (explaining that exhaustion requirement embodies "the federal sovereign's respect for the state courts' capability to adjudicate federal rights"); *Mele v. Fitchburg Dist. Court*, 850 F.2d 817, 819 (1st Cir. 1988) (noting that exhaustion requirement "ensures that state courts have the first opportunity to correct their own constitutional errors," enables federal courts to accord appropriate respect for state sovereignty, and promotes comity by minimizing friction between federal and state justice systems). An additional benefit of the requirement is that "claims that have been fully exhausted in state courts will more often be accompanied by a complete factual record to aid the federal courts in their review." *Rose*, 455 U.S. at 519.

5

In light of these important purposes, a petitioner will not be found to have satisfied the exhaustion requirement unless each and every claim in his petition has been exhausted. *Id*. at 510, 518-20.  This rule is designed to encourage petitioners to exhaust all claims and present the federal court with a single petition, rather than piecemeal litigation.  *Id.* at 520.  It also "relieve[s] the district courts of the difficult if not impossible task of deciding when claims are related," and it reduces the risk that they will consider unexhausted claims.  *Id.* at 519.  If a petition is "mixed" – that is, contains both exhausted and unexhausted claims – it must be dismissed.[2]  *Id.* 522; *Martens v. Shannon*, 836 F.2d 715, 717-18 (1st Cir. 1988).

A claim will only be found exhausted if both its factual and federal legal bases have been presented to state courts.  See *Nadworny*, 872 F.2d at 1096 (stating that state prisoner must present both factual and legal underpinnings of claim to state courts for exhaustion requirement to be found satisfied); see also *Adelson v. DiPaola*, 131 F.3d 259, 262 (1st Cir. 1997) (noting that "setting forth the factual underpinnings of a claim is insufficient, in and of itself" as the "petitioner must also elucidate the legal foundation of his federal claim").  The test for whether the factual and federal legal bases are adequately presented "is substantive:  was the claim presented in such a way as to make it probable that a

---

[2]  **Prior to enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), failure to exhaust all claims in state court required dismissal of the entire petition.  Under AEDPA, a court confronted with unexhausted claims may, in its discretion, either dismiss the entire petition as unexhausted or deny (but not grant) the petition on the merits.  See 28 U.S.C. § 2254(b)(1)-(2) ("[a]n application for a writ of habeas corpus may be *denied* on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State") (emphasis added). Thus, the Court may deny the entire petition, but may not dismiss the unexhausted claims and then grant the petition on the basis of Josselyn's remaining claims.  *Id.*; *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-48 (1999) (affirming dismissal of petition containing unexhausted claims).**

6

reasonable jurist would have been alerted to the existence of the federal question?" *Scarpa v. DuBois*, 38 F.3d 1, 6 (1994). Furthermore, the bases must be presented clearly and directly:

> [T]he exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record. The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick.

*Martens v. Shannon*, 836 F.2d 715, 717 (1st Cir. 1988).

Elaborating on this requirement, The United States Court of Appeals for the First Circuit has identified five ways in which fair presentment may be made:

> "1) citing a specific provision of the Constitution; 2) presenting the substance of a federal constitutional claim in such manner that it likely alerted the state court to the claim's federal nature; 3) reliance on federal constitutional precedents; and 4) claiming a particular right specifically guaranteed by the Constitution"[; and 5)] . . . the assertion of a state law claim that is functionally identical to a federal claim.

*Scarpa*, 38 F.3d at 6 (quoting *Gagne v. Fair*, 835 F.2d 6, 7 (1st Cir.1987), and noting that the list was not necessarily exhaustive).

Additionally, fair presentation "requires that the constitutional analysis necessary to resolve the ultimate question posed in the habeas petition and in the state court proceedings, respectively, be substantially the same." *Scarpa*, 38 F.3d at 6; *Martens*, 836 F.3d at 717 ("[T]he legal theory in the state and federal courts must be the same." (quoting *Gagne v. Fair*, 835 F.2d 6, 7 (1st Cir. 1987)). In light of all of the foregoing, "a habeas petitioner bears a heavy burden" to show that his claims were "fairly and recognizably presented to the state courts." *Adelson*, 131 F.3d at 262.

7

In the case at bar, Lepper cannot meet this burden. As the respondent contended in her prior memorandum, Ground Two (a) regarding the denial of substitute counsel was presented to the state appellate courts only on a abuse of discretion theory under state law. Although the Sixth Amendment was mentioned in passing in the petitioner's briefs to the state appellate courts, its invocation was a broad, generalized statement to establish a very basic premise, i.e., that each defendant is entitled to the effective assistance of counsel. (See Supp. Ans. Exh. 1 at 57). There was no reasoned federal constitutional argument tying this right to the facts and law of Lepper's particular case. *See Martens v. Shannon*, 836 F.2d 715, 717 (1st Cir. 1988)("Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick"). The essence of the claim was revealed in the chapter title, i.e., "The Judge Committed an Abuse of Discretion in Denying Lepper's Requests for the Appointment of Substitute Counsel." (Supp. Ans. Exh. 5 at 18-19).³ The Massachusetts Appeals Court and Supreme Judicial Court considered the claim as the petitioner plainly presented it and determined that there was no abuse of discretion and no substantial risk of a miscarriage of justice. The claim was never presented in a federal constitutional context and the petitioner's passing reference to the Sixth Amendment's guarantee of effective assistance of counsel did not transform into a clearly defined issue to be decided by the Appeals Court and SJC on federal constitutional grounds. The petitioner's contention that the mere invocation of the Sixth Amendment sufficed to meet the exhaustion requirement should be rejected.

---

³ As stated in earlier filings, the record is clear that the petitioner never requested substitute counsel, just aired complaints about his attorney and requested a mistrial.

8

In any event the claim of denial of substitute counsel is in procedural default. The petitioner raised the claim for the first time on appeal and the Appeals Court reviewed the issue to determine whether there was a risk of a miscarriage of justice. The respondent continues to maintain that the issue is in procedural default and thus immune from habeas corpus review. (See Respondent's Memorandum In Opposition to the Writ of Habeas Corpus at 13-17 and Supplemental Memorandum at 12-13). *See Brewer v. Marshall*, 119 F. 3d 993, 999 (1st Cir. 1997, *cert. denied*, 522 U.S. 1152 (1998)(a habeas petitioner who fails to meet a state's procedural requirement for presenting federal claims has deprived the state courts of an opportunity to address those claims in the first instance.)

II.   **GROUND TWO (B) REGARDING THE DENIAL OF THE RIGHT TO PROCEED PRO SE IS UNEXHAUSTED.**

Neither can Lepper meet his burden of proving exhaustion of state remedies on Ground Two (b). The self-representation claim was never squarely proffered to the Appeals Court as an independent, federal constitutional claim and was completely abandoned when he filed his ALOFAR in the SJC. (See Supp. Ans. Exh.1 at 59 and Supp. Ans. Exh. 5 at 18-19). In his brief to the Appeals Court, he argued only that the trial judge abused his discretion in denying his request for the appointment of substitute counsel. In the last sentence of this section of the brief to the Massachusetts Appeals Court, Lepper opined that it was "reversible error" for the judge to fail to hold a colloquy to determine whether his comment- "I don't want him for counsel" -should have been construed as a request to proceed pro se. (Supp. Ans. Exh. 1 at 59). That was the only reference to a defendant's right of self-representation and the case cited by the petitioner for support was

9

a 1974 Massachusetts case based on state constitutional grounds. The petitioner omitted even this bare reference in his ALOFAR to the SJC. Since the Sixth Amendment right to proceed pro se was not fairly presented to the state's highest court, the self-representation claim is not exhausted.

The petitioner argues that although he did not state outright that he wanted another attorney or to represent himself, "his words can only be construed as either a request for substitute counsel or a request to represent himself." (Petitioner's Memorandum on Exhaustion at 3). [4] The petitioner was obliged to assert his desire to proceed pro se first to the judge during the trial. At a minimum he could have included the claim in his post- trial motion for a new trial to allow the trial judge to address the new claim. He did neither. The trial judge was not a mind-reader and nothing in the record suggested that the petitioner sought to act as his own attorney. More importantly for exhaustion purposes, Lepper did not present a self-representation claim to the Appeals Court as a bona-fide independent claim on federal constitutional grounds or to the SJC on any ground. This was a fatal defect. It is not sufficient for a petitioner to raise a claim through a motion in state trial court or even an appeal to an intermediate court. Rather, he must "present, or do his best to present, his federal claim to the state's highest tribunal." *Adelson*, 131 F.3d

---

[4] Lepper also asserts that the self representation claim was presented to the trial judge and preserved for appellate review under Mass. R. App. P. 11. He claims that where the issue was preserved at trial there was no need to include it in his pre-appeal motion for a new trial under the Rule. (Petitioner's Memorandum on Exhaustion at 3). The trial transcripts clearly contradict the argument that the trial judge was informed that the petitioner wished to represent himself. Moreover, Mass. R. App. P. 11 governs applications for direct appellate review by the Supreme Judicial Court after an appeal has been docketed in the Appeals Court and appears to have no bearing on the case.

10

at 263; see also *Mele*, 850 F.2d at 819-20 (stating that it has long been the rule that power of highest state court must be exhausted before federal court will consider questions posed in habeas petition; affirming that "[i]t is not enough merely to raise an issue before an intermediate court; one who seeks to invoke the federal habeas power must fairly present - or do his best to present - the issue to the state's highest tribunal"; and noting that Massachusetts petitioner was obliged to try to bring his constitutional objections before SJC to preserve them for federal habeas review).

## CONCLUSION

The respondent submits that Ground Two in its entirety is unexhausted, thus resulting in a "mixed petition" containing exhausted and unexhausted claims. The mixed petition must be dismissed under *Rose v. Lundy*, 455 U.S. at 522.

In the alternative the petitioner should be given the option of dropping Ground Two and proceeding to a decision on the merits of Grounds One and Three.

Respectfully submitted,

MARTHA COAKLEY
ATTORNEY GENERAL
/s/ Annette C. Benedetto
Annette C. Benedetto
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200
BBO No. 037060

11

**CERTIFICATE OF SERVICE**

      **I hereby certify that this document filed through the Electronic Case Filing system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on the date set forth below.**

**Dated: August 16, 2007**            /s/ Annette C. Benedetto
                                                                    **Annette C. Benedetto**