```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

FREDERIC LEPPER,                  )
     Petitioner                   )
                                  )
          v.                      )    C.A. No. 04-11879-MLW
                                  )
                                  )
LOIS RUSSO,                       )
     Respondent                   )
```

MEMORANDUM AND ORDER

WOLF, D.J.                                            February 15, 2008

Petitioner Frederic Lepper sought a writ of habeas corpus pursuant to 28 U.S.C. §2254 on three grounds, including the denial of the right: "(1) to have a jury determine facts that may increase the statutory maximum sentence under the Fifth Amendment; (2) to self-representation or substitute counsel under the Sixth Amendment; and (3) to effective assistance of counsel under the Sixth Amendment."  See May 8, 2006 Memorandum in Support of Petition for Writ of Habeas Corpus.  On August 31, 2007, the court deleted the self-representation claim (claim two) because it was not fully exhausted and denied the petition after finding the other two grounds for relief unmeritorious.  See August 31, 2007 Memorandum and Order.  The petitioner filed a notice of appeal and seeks a Certificate of Appealability ("COA"), pursuant to 28 U.S.C. §2253, for claims one and three.

The court may not issue a COA unless the petitioner has made

a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make this showing, the COA applicant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong." Miller-El v. Cockrell, 537 U.S. 332, 338 (2003) (internal quotation marks omitted). A claim "can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." Id. The threshold for obtaining a COA has been described as a "low standard." Charles Alan Wright & Arthur R. Miller, 16A Federal Practice & Procedure §3968.1 (2007). However, the "issuance of a COA must not be pro forma or a matter of course" because by enacting the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. §2241 et seq, "Congress confirmed the necessity and the requirement of differential treatment for those appeals deserving of attention from those that plainly do not." Miller-El, 537 U.S. at 337. The determination of whether the COA standard is met is a separate inquiry from review of the underlying merits of the habeas petition. Id. at 341.

In this case, the petitioner was sentenced as a "common and notorious thief," pursuant to Massachusetts General Laws chapter 266, §40, without a finding by a jury that he had been convicted of

three distinct larcenies.[1]  August 31, 2007 Memorandum and Order at 9.  This court, relying on the Supreme Court's decision in Almendarez-Torres v. United States, 523 U.S. 224 (1998), upheld the sentence, stating that where, as here, "a defendant's past convictions [are] uncontested, that fact could, consistent with the Constitution, be deemed a sentencing factor, found by a judge on the preponderance of the evidence standard, and used to enhance a defendant's punishment beyond the statutory maximum."  Id. at 10-11.  This court went on to address the petitioner's argument that his prior larcenies may have been part of a "single larcenous scheme and, therefore, not 'distinct' for purposes of [Massachusetts General Laws chapter 266, §40]."  Id. at 12.  In rejecting this argument, this court found that "the First Circuit has held that a federal judge, rather than a jury, may decide, using a preponderance of the evidence rather than a reasonable doubt standard, whether a past conviction is 'distinct' for the purposes of enhancing a sentence in a drug case."  Id. (citing United States v. Fink, 499 F.3d. 81, 86-7 (1st Cir. 2007)).  Further, this court held that "[t]he 'fact' of three distinct convictions for purposes of §40 is [ ] comparable to the 'fact' of a past conviction under Almendarez-Torres and subject to judicial determination."  Id.

---

[1] Under §40, "whoever is convicted at the same sitting of the court [ ] of three distinct larcenies, shall be adjudged a common and notorious thief[.]" Mass. Gen. Law ch. 266, §40.

Petitioner, however, claims that this court's holdings pertaining to his Fifth Amendment claim are debatable. In Apprendi v. New Jersey, the Supreme Court held that Almendarez-Torres, "represents at best an exceptional departure from the historic practice." 530 U.S. 466, 487 (2000). Further, in Shepard v. Untied States, Justice Thomas acknowledged that "a majority of this court now recognizes that Almendarez-Torres was wrongly decided." 544 U.S. 13, 27 (2005) (noting criticisms if Almendarez-Torres in Almendarez-Torres, 523 U.S. at 248-249 (Stevens, Souter, Ginsburg, JJ., dissenting) and Apprendi, 530 U.S. at 520-521 (Thomas, J. concurring)). See also Rangel-Reyes v. United States, 126 S. Ct. 2873 (2006) (Stephens, J., statement respecting the denial of the petitions for writ of certiorari ) ("I continue to believe that Almendarez-Torres was wrongly decided").

In its August 31, 2007 Memorandum and Order, this court acknowledged that the Supreme Court had "expressed doubts" about the Almendarez-Torres decision, but noted that it was "bound to follow [Almendarez-Torres] until it is expressly overrruled[.]" August 31, 2007 Memorandum and Order at 11 n. 7. Therefore, this court and the First Circuit are bound by Almendarez-Torres. However, criticism of Almendarez-Torres by the Supreme Court itself indicates that it is debatable whether issues concerning prior convictions should be decided by a judge or a jury if the resolution of them affects the statutory maximum sentence. As

4

reasonable jurists could debate this court's conclusion, petitioner's request for a COA with regard to his Fifth Amendment claim is meritorious.

The petitioner also asserts that jurists of reason would find his Sixth Amendment claim debatable. Relying on <u>Strickland v. Washington</u>, 466 U.S. 668, 688-689 (1984) and <u>Argencourt v. United States</u>, 78 F. 3d 14, 16 (1st Cir. 1996), this court found that in order to succeed on an ineffective assistance of counsel claim, the petitioner must demonstrate, "(1) that counsel's performance fell below an objective standard of reasonable effectiveness; and (2) that counsel's deficient performance was so prejudicial as to undermine confidence in the outcome of the trial." August 31, 2007 Memorandum and Order at 20. Recognizing the deferential standard that is required when the court reviews ineffective assistance of counsel claims, this court upheld the Massachusetts Appeals Court finding that petitioner failed to establish that counsel's performance was either ineffective or prejudicial. In addition, this court held that the Appeals Court applied the proper legal standard in making this determination.

In seeking a COA, the petitioner reasserts that the Appeals Court applied an incorrect legal test and that trial counsel's failure to present certain evidence, and his confusing introduction of other evidence, was ineffective and prejudicial. However, petitioner has cited, and this court has found, no case suggesting

that his counsel's method of introducing evidence was unreasonable, or if it was, that he was prejudiced. Further, the petitioner concedes that his trial counsel did provide exhibits to the jury, and this court's order reflects that counsel consulted with the petitioner during the course of the trial and with regard to cross-examination. See September 28, 2007 Memorandum in Support of Application for COA at 6; August 31, 2007, Memorandum and Order at 6 (citing Sept. 10, 1999 Tr. II at 159). Therefore, reasonable jurists would not find this court's decision debatable.

The court has considered petitioner's request for a COA on his Fifth and Sixth Amendment claims. Accordingly, it is hereby ORDERED that:

1. Petitioner's Motion for a Certificate of Appealability is ALLOWED with respect to petitioner's Fifth Amendment claim, the denial of the right to have the jury determine all facts that may increase the statutory maximum sentence under the Fifth Amendment.

2. Petitioner's Motion for a Certificate of Appealability is DENIED with respect to petitioner's Sixth Amendment claim, the denial of the right to the ineffective assistance of counsel based on claims that trial counsel failed to introduce substantial exculpatory evidence.

3. The denial for the petitioner's request for a Certificate of Appealability with regard to his Sixth Amendment claim does not preclude petitioner from seeking a COA from the Court of Appeals

for the First Circuit.  <u>See</u> Fed. R. App. Proc. 22(b)(1) ("If the district judge has denied the certificate, the applicant may request a circuit judge to issue the certificate").

                                                   /s/ Mark L. Wolf
                                       UNITED STATES DISTRICT JUDGE